In the Matter of SCHUYLERVILLE CENTRAL SCHOOL DISTRICT, Appellant, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK, Respondent, and EUGENE SALERNI et al., Intervenors-Respondents.

Third Department, December 14, 1989

APPEARANCES OF COUNSEL

*Hogan & Sarzynski (John B. Hogan* of counsel), for appellant.

*Robert E. Diaz (Richard J. Trautwein* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether respondent, the Commissioner of Education, has the authority to direct a Board of Education to consent to the alteration of one of its school district boundary lines. We agree with Supreme Court that the Commissioner has such authority and that a rational basis exists in this case for the exercise of such authority. The judgment dismissing the petition should, therefore, be affirmed.

Beginning in 1985, a parcel of property in the Town of Wilton, Saratoga County, was developed as a residential subdivision known as Highland Hills Estates. Homeowners in the subdivision paid school taxes to the Saratoga Springs Enlarged City School District (hereinafter City School District) and their children attended school within the City School District.

In 1987 petitioner petitioned the District Superintendent of Schools of the Sole Supervisory District of Saratoga and Warren Counties (hereinafter District Superintendent) for a boundary line determination, pursuant to Education Law § 2215 (1). Petitioner contended that although the undeveloped land had been placed on the City School District's tax rolls in 1974, the parcel was in fact located within petitioner's boundary. After a hearing, the District Superintendent agreed with petitioner.

The City School District and several residents of Highland Hills Estates appealed to the Commissioner, pursuant to Education Law § 310. In addition to seeking review of the District Superintendent's determination as to the location of the boundary line, the City School District's appeal sought an order altering the boundary line to include Highland Hills Estates within the City School District, alleging that petitioner had refused to consent to the boundary line alteration and that the educational interests of the children would best be served by such an alteration. The Commissioner upheld the District Superintendent's boundary line determination, and ordered that petitioner consent in writing to the boundary line alteration requested by the City School District based upon the finding that petitioner unreasonably refused to consent to the alteration. Petitioner commenced this CPLR article 78 proceeding to annul so much of the Commissioner's determination as ordered petitioner to consent to the boundary line alteration. Supreme Court dismissed the petition and this appeal ensued.

Petitioner contends that Education Law § 1525, which requires the written consent of the Board of Education of all districts to be affected by a boundary line alteration, is the exclusive method of affecting a boundary line change, and that the Commissioner's determination conflicts with this statutory method since it results in a boundary line alteration over the objection of petitioner. The Commissioner contends that petitioner's refusal to consent to the boundary line alteration is an official act or decision reviewable by the Commissioner pursuant to Education Law § 310 (2) and (7). We agree with the Commissioner. Quoting from *Bullock v Cooley* (225 NY 566, 576-577), the Court of Appeals has repeatedly said that the purpose of the broad review powers vested in the Commissioner by Education Law § 310 is " ' "to make all matters pertaining to the general school system of the state within the authority and control of the department of educa-

tion and to remove the same so far as practicable * * * from controversies in the courts" ' " *(Matter of Board of Educ. v Ambach,* 70 NY2d 501, 510, *cert denied sub nom. Margolin v Board of Educ.,* — US —, 108 S Ct 1593; *see, Donohue v Copiague Union Free School Dist.,* 47 NY2d 440, 444; *James v Board of Educ.,* 42 NY2d 357, 366; *Matter of Vetere v Allen,* 15 NY2d 259, 265, *cert denied* 382 US 825). The Commissioner has been described as "the practical administrative head" of the State system of education, with "the final authority in passing on many questions bound to arise in the administration of the school system" *(People ex rel. Board of Educ. v Finley,* 211 NY 51, 57). The Court of Appeals has also held that "Education Law § 310 itself specifies a number of areas in which the Commissioner may hear appeals, including structure of school districts and payment of money to them" *(Matter of Board of Educ. v Ambach, supra,* at 510). Although Education Law § 1525 requires petitioner's written consent to the boundary line alteration, there is nothing in that statute which excludes petitioner's refusal to execute such a consent from those official acts and decisions which are reviewable by the Commissioner under Education Law § 310.

■ Petitioner also contends that since the City School District never made a formal request to petitioner for its consent to the boundary line change, there was no act or decision by petitioner which could be reviewed by the Commissioner. The argument is meritless. In its appeal to the Commissioner, the City School District alleged that petitioner refused to consent to the boundary change, and petitioner admitted this allegation in its responding papers. Petitioner's position throughout the course of the administrative proceedings has been that it objects to the inclusion of Highland Hills Estates within the City School District.

■ Turning to the substantive basis for the determination, the Commissioner found that petitioner had no "educational justification for its refusal to consent". In particular, the Commissioner examined the disruptive effect on the students who would be compelled to transfer schools if the boundary change did not occur. The Commissioner also noted that petitioner had not been receiving school taxes from the disputed property for 15 years and, therefore, would not suffer a loss of revenue needed to support existing educational pro-

grams. In our view, these findings, which are amply supported by the record, provide a rational basis for the Commissioner's determination that petitioner's refusal to consent to the boundary line change was unreasonable.

MAHONEY, P. J., KANE, LEVINE and MERCURE, JJ., concur.

Judgment affirmed, without costs.