22 In the Matter of EDWARD ENGEL, Respondent, v THOMAS SOBOL, as Commissioner of Education of the University of the State of New York, State Education Department, Appellant.— Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered January 27, 1989 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent authorizing petitioner's suspension from employment without pay for one semester.

Community School Board No. 24 (hereinafter the Board) preferred two charges against petitioner, a tenured teacher in the New York City public school system, pursuant to Education Law § 3020-a. Both charges alleged conduct unbecoming a teacher, neglect of duty and unfitness to properly perform his obligations as a teacher. After a hearing, the hearing panel found petitioner guilty of one of the charges and recommended that the Board issue a letter of reprimand. The Board, seeking an order authorizing it to terminate petitioner's services as a teacher, challenged only the leniency of the penalty imposed. Respondent authorized the Board to suspend petitioner without pay for one semester.

Claiming that respondent's decision contravenes prior precedent, petitioner commenced this CPLR article 78 proceeding to annul the determination. Agreeing with petitioner, Supreme Court annulled the determination as arbitrary and capricious and ordered the decision vacated. Respondent appeals; we affirm.

Respondent justified his decision to permit the Board to increase petitioner's penalty on the ground that petitioner had been warned on four prior occasions not to use unacceptable language or unnecessary force, and on his belief that another written reprimand would be insufficient to deter petitioner in the future. Respondent, however, has clearly stated that "a hearing panel may only consider evidence of prior disciplinary *convictions,* and then only on the issue of penalty" *(Matter of Cargill,* 29 Ed Dept Rep 38, 41; *see, Matter of Board of Educ.,* 25 Ed Dept Rep 325, 327; *Matter of Community School Bd. No. 22,* 22 Ed Dept Rep 307, 310; *Matter of Community School Bd. No. 28,* 22 Ed Dept Rep 530, 533). And, respondent has refused to depart from this "long-established rule" *(Matter of Cargill, supra).*

As respondent's determination fails to conform to prior administrative precedent, it is arbitrary and capricious unless the deviation is adequately explained *(see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 517). In the absence of any such rationale, the administrative decision must be reversed on the law even though substantial evidence supports it *(supra,* at 520). Here, respondent's explanation does not indicate whether he merely overlooked or ignored prior policy, or intentionally decided to change it *(supra);* accordingly, the determination must be annulled *(see, Matter of Martin [Troy Publ. Co.—Roberts],* 70 NY2d 679, 681).

And contrary to respondent's contention, *Matter of Jerry v Board of Educ.* (50 AD2d 149, *appeal dismissed* 39 NY2d 1057) does not compel this court to uphold respondent's determination. In *Jerry,* the prior disciplinary warnings were admitted to prove that the petitioner charged therein had notice that he was not to use physical force on students *(supra,* at 159); notice was not an issue in the case at hand. Furthermore, the reprimands in *Jerry* were not otherwise relevant to the disposition or penalty imposed *(supra).*

Judgment affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., and Mercure, JJ., concur.