In the Matter of DANIEL J. GIRARD, Petitioner, v CITY OF GLENS FALLS et al., Respondents. (And Another Related Proceeding.)

Third Department, December 12, 1991

114

APPEARANCES OF COUNSEL

*Grasso & Grasso (Jane K. Finin* and *Kathleen R. Decataldo* of counsel), for petitioner.

*McPhillips, Fitzgerald & Meyer, P. C. (Joseph R. Brennan* of counsel), for respondents.

## OPINION OF THE COURT

HARVEY, J.

In November 1985, petitioner was appointed as a permanent civil service firefighter for respondent City of Glens Falls in Warren County. In approximately June 1988, petitioner became a Democratic Committee member with the apparent full knowledge of the Mayor in office at that time. Thereafter, petitioner sought an opinion from the State Board of Elections concerning whether he could run for political office and still work as a firefighter. In May 1989, petitioner was advised by the State Board of Elections that there were no Election Law prohibitions against a city firefighter seeking or holding a City Council position. Petitioner then commenced a campaign for a City Council seat. In July 1989, however, respondent Board of Public Safety of the City of Glens Falls (hereinafter the Board) charged petitioner with violating Glens Falls City Charter § 6.16, which states that: "No officer or member of either [the police or fire] department shall be a member of or a delegate to any political convention. He shall not solicit any person to vote at any political caucus, primary or election, nor challenge nor in any manner attempt to influence any voter thereat. He shall not be a member of any political committee, nor shall he make any contribution to any political fund. Any officer or member violating any provisions of this section shall be subject to such disciplinary action as the board may deem proper." Petitioner denied the charge. A hearing was held less than two working days after petitioner received notice and the Board found him guilty. Petitioner was suspended for 60 days and he was warned that if he was elected as a City Council member he would be fired. Petitioner then commenced the first of the instant CPLR article 78 proceedings to challenge this determination.

Petitioner was subsequently elected to the City Council and took his oath of office in January 1990. By notice dated January 2, 1990, petitioner was charged with violating City Charter § 6.16, General City Law § 3, General Municipal Law § 801 and unspecified "common law rules" for his political conduct. After a second hearing, the Board found petitioner guilty of all four charges and imposed a penalty, upon each finding, of dismissal from his employment as a firefighter.

Petitioner then commenced another CPLR article 78 proceeding to challenge the results of the second hearing. Both proceedings were ultimately transferred to this court for

determination pursuant to CPLR 7804 (g). This court granted petitioner's motion to join the proceedings.

■ Initially, we must agree with petitioner that respondents' finding after the second hearing that he was guilty of violating General Municipal Law § 801, General City Law § 3 and unnamed "common law rules" was without a rational basis in the record. Significantly, respondents concede that the literal terms of General Municipal Law § 801 and General City Law § 3 were not violated but they unpersuasively argue that petitioner should be found guilty of violating their spirit. This argument is rejected. Petitioner falls within the exception to General Municipal Law § 801 that is provided by General Municipal Law § 802. As for General City Law § 3, this section is also inapplicable since petitioner was appointed as a firefighter not by the Common Council, as described in the statute, but by the Board. Moreover, since respondents have yet to satisfactorily explain what they mean by their claim that petitioner violated "common law rules", we have no alternative but to dismiss those charges as speculative and without basis in law.

■ Turning to the validity of the two findings that petitioner was guilty of violating City Charter § 6.16, the issue becomes more problematic. As respondents aptly point out, there can be little question that these determinations were supported by substantial evidence since, in his testimony, petitioner did not deny that he engaged in the political activity proscribed therein pursuant to his quest for public office. Nevertheless, our inquiry cannot end there since the majority of the remaining arguments advanced by petitioner have been examined and have been found to be meritorious. Specifically, we agree with petitioner that the record supports his contentions that respondents conducted his hearings unfairly and improperly failed to take into account his claim that the City Charter provision was being selectively enforced.

As for the fairness of the two hearings, the record is replete with instances of impropriety too numerous to detail at length. It is well settled that due process must be afforded in the administrative context and that no essential element of a fair trial be dispensed with *(see, Matter of Simpson v Wolansky,* 38 NY2d 391, 395). As a general rule, all relevant and material evidence that will contribute to an informed result should be admissible in a disciplinary hearing *(supra),* and a respondent to disciplinary charges must be allowed to offer any and all evidence pertaining to mitigation for purposes of

penalty *(Matter of Belsky v New York City Tr. Auth.,* 48 NY2d 908). Here, the Board, among other things, repeatedly prohibited petitioner from introducing evidence to support his defenses, including his claim that City Charter § 6.16 was being selectively enforced. Petitioner was also precluded from presenting evidence in mitigation for penalty purposes and from cross-examining witnesses regarding documentary evidence. Since the Board affirmatively stated at the first hearing that the penalty of dismissal would be imposed if petitioner was elected, it is obvious why mitigation evidence was not considered necessary. In both proceedings, petitioner was prohibited from submitting closing briefs and the Board deliberated for only a short period of time despite the significant amount of documentary evidence that it had to review.

 Regarding petitioner's claim that respondents selectively chose to enforce City Charter § 6.16 when they chose not to enforce it against individual firefighters who had engaged in similar activities, we note that even where a disciplinary determination was supported by substantial evidence, this court can annul such a determination as arbitrary and capricious if it departs from prior administrative policy *(see, e.g., Matter of Engel v Sobol,* 161 AD2d 873, 874). Here, although petitioner was prohibited at his hearings from introducing evidence to support his defense of selective enforcement of City Charter § 6.16, his attorney made offers of proof (which the documentary evidence supports to some extent) to the effect that numerous other Glens Falls firefighters had engaged in political activity that could be considered violative of the broad language contained in City Charter § 6.16 with the full knowledge of respondents. Nevertheless, petitioner was apparently the first and only person to ever be prosecuted under that provision. Significantly, it was conceded at oral argument in this case that other Glens Falls firefighters had indeed run for and held political office (although not City Council positions) without being prosecuted. Respondents assert that there existed no prior policy or precedent that was not complied with. However, it is obvious that the fact that City Charter § 6.16 was apparently never before enforced against other alleged violators can constitute "prior policy" *(Matter of Engel v Sobol, supra,* at 874). Whenever an administrative body fails to conform to prior procedure without adequate explanation for the change, its determination must be set aside as arbitrary and capricious *(supra).*

 We recognize that in the normal proceeding where

unfair hearings have been found, the usual procedure is to remit for a new hearing *(see, e.g., Matter of Spetalieri v Quick,* 96 AD2d 611, 612). Similarly, with respect to petitioner's selective enforcement claim, we note that these matters are usually sent back in order to afford the appropriate administrative body an opportunity to provide an explanation for the alleged disparate treatment *(see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 520). We must also note, however, that in instances where remittal for a new hearing would be unfair under the circumstances (such as in certain prison disciplinary proceedings *[see, e.g., Matter of Williams v Coughlin,* 145 AD2d 771, 773]), the appropriate relief is not remittal but outright annulment. In our view, such a circumstance has been presented here. The parties do not dispute that City Charter § 6.16 was repealed in April 1990, a few months after petitioner, the only person who was apparently ever prosecuted under it, was terminated. Given this state of affairs and keeping in mind the many questionable tactics employed at the hearing and the many allegations of politically motivated revenge, we think it best to simply annul the determinations and reinstate petitioner to his former position.

Due to the foregoing conclusion, there is no need to go into the reasons why we also agree with petitioner that the penalty imposed by the Board was disproportionately harsh.

MERCURE, J. (concurring in part and dissenting in part).

I am in complete agreement with the majority that there is no support in the record for respondents' determination that petitioner was guilty of violating General Municipal Law § 801, General City Law § 3 or unspecified "common law rules". Further, I agree that petitioner was deprived of the fundamental due process rights to a fair and impartial tribunal, to present relevant evidence on his own behalf and to cross-examine adverse witnesses in the hearings conducted by the Board. Clearly, the determinations must be annulled. However, I am not persuaded that this court is empowered, in the context of a CPLR article 78 proceeding, to make the original factual determination that respondents' selective enforcement of Glens Falls City Charter § 6.16 required dismissal of the administrative proceedings against petitioner *(see, Burke's Auto Body v Ameruso,* 113 AD2d 198, 200-201), particularly on the basis of an incomplete record. Rather, it is my view that the appropriate procedure is to remit the matter for a new hearing on that issue *(see, supra,* at 201).

CASEY, J. P., WEISS and LEVINE, JJ., concur with HARVEY, J.; MERCURE, J., concurs in part and dissents in part in a separate opinion.

Adjudged that the determinations are annulled, with costs, and petitions granted to the extent of reinstating petitioner with back pay, less any amounts received as unemployment insurance benefits or for employment other than as a member of the Glens Falls City Council during the period of wrongful termination.