■ In the Matter of BOARD OF EDUCATION OF THE SHENENDEHOWA CENTRAL SCHOOL DISTRICT, Appellant, et al., Petitioners, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.—Weiss, P. J. Appeal from a judgment of the Supreme Court (Harris, J.), entered January 10, 1991 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education denying petitioner Board of Education of the Shenendehowa Central School District's request for a change in its district boundary line.

In 1984, some 38 parcels of residential real property situate in an area called River Bend in the Town of Waterford, Saratoga County, inexplicably appeared on the tax rolls of the Shenendehowa Central School District (hereinafter Shenendehowa). The total assessment of these parcels on the 1989 tax rolls was $2,101,600 and the school tax on the properties was $55,299.64. The children residing in the homes affected attended Shenendehowa schools. In January 1989, the Superintendent of the Waterford-Halfmoon Union Free School District (hereinafter Waterford) requested a determination from respondent Superintendent of the Sole Supervisory District of Saratoga and Warren Counties (hereinafter the District Superintendent) of the location of the legal boundary line.[1] The District Superintendent's determination of the boundary line placed the subject parcels in Waterford. Petitioners Philip G. Thibodeau and Patricia G. Thibodeau, joined by 11 other property owners whose homes were transferred to Waterford from Shenendehowa, petitioned the Boards of Education of

---

1. The District Superintendent is authorized to establish the location of boundaries which are in dispute pursuant to Education Law § 2215 (1).

both Shenendehowa and Waterford to consent to an alteration of the location of the boundary line pursuant to Education Law § 1507 (2) so as to return their properties to Shenendehowa. Petitioner Board of Education of Shenendehowa (hereinafter petitioner) consented but respondent Board of Education of Waterford refused, stating instead that it would permit all students then enrolled in Shenendehowa to continue in that school system until completion of high school and that the school taxes collected on those properties would be turned over to Shenendehowa while the affected students were attending Shenendehowa schools.

Both Shenendehowa and the Thibodeaus[2] appealed the determination to respondent Commissioner of Education seeking an order directing Waterford to consent to the alteration of the boundary line. Both appeals were dismissed by the Commissioner, who found that the educational interests of the children would not be adversely affected if the boundary line remained intact.

Petitioner then commenced a CPLR article 78 proceeding to review the Commissioner's determination and for an order directing the Commissioner to compel Waterford to consent to an alteration of the boundary line. The Thibodeaus sought similar relief in a separate petition.[3] Supreme Court held that the Commissioner had properly distinguished his earlier decision in *Matter of Salerni* (27 Ed Dept Rep 393, *affd sub nom. Matter of Schuylerville Cent. School Dist. v Commissioner of Educ. of State of N. Y.,* 152 AD2d 241), and that the distinctions furnished a rational basis for the decision which was neither arbitrary nor capricious. The petitions were dismissed and this appeal ensued.[4]

Petitioner has placed its entire reliance on one premise, i.e., that the Commissioner's failure to follow his past administrative precedent established in *Matter of Salerni* rendered his instant decision arbitrary and capricious. We cannot agree. In *Matter of Salerni* the Commissioner determined that he had

2. The Thibodeaus contended that their appeal to respondent Commissioner of Education should be treated as a class action on behalf of 12 specific property owners in the subject area. The Commissioner held that there was no legal basis to consider the appeal to be a class appeal since all 12 individuals were already identified and did not comprise a large number.

3. The proceedings were ultimately joined and heard together.

4. The Thibodeaus have decided not to pursue their appeal, as evidenced by a letter to their attorney which is before this court. Respondent Robert A. Whalen, the Town of Waterford Assessor, has not submitted a brief, electing instead to rely on the brief filed on behalf of the Commissioner.

the authority to direct a board of education to consent to the alteration of one of its school district boundary lines. This court agreed and held that a rational basis existed for the Commissioner to have exercised that authority *(Matter of Schuylerville Cent. School Dist. v Commissioner of Educ. of State of N. Y., supra)*.

The underlying facts in *Matter of Salerni* were as follows: Beginning in 1985, the home owners in a newly developed residential subdivision in the Town of Wilton, Saratoga County, paid school taxes to the Saratoga Springs Enlarged City School District (hereinafter City School District) and their children attended school within the City School District. The Schuylerville Central School District (hereinafter Schuylerville) petitioned the District Superintendent for a boundary line determination pursuant to Education Law § 2215 (1), contending that the disputed parcel was in fact located within the petitioner's territory. After a hearing, the District Superintendent agreed with Schuylerville. Upon appeal to the Commissioner pursuant to Education Law § 310, the City School District sought not only review of the determination but also an order altering the boundary line to include the disputed parcel within its district, challenging the refusal of Schuylerville to consent to the boundary line alteration and arguing that the educational interests of the children would best be served by such an alteration. The Commissioner ordered that Schuylerville consent in writing to the alteration, finding that the refusal to consent to the alteration was unreasonable. Supreme Court dismissed the petition and this court affirmed *(supra)*. We upheld the Commissioner's determination that Schuylerville had no "educational justification for its refusal to consent" and that compelling a transfer of these children to Schuylerville would have a disruptive effect on their education *(supra, at 244)*. We also upheld the Commissioner's finding that Schuylerville had failed to offer any countervailing evidence that the resources or the educational interests of Schuylerville would be adversely affected by the boundary change *(supra)*.

In the case before us, petitioner argues first that the Commissioner was compelled to adhere to his decision in *Matter of Salerni* as a precedent binding upon him, absent an explanation, relying upon *Matter of Field Delivery Serv. (Roberts)* (66 NY2d 516, 520). The standard by which the Commissioner must be guided in determining whether to set aside the refusal to consent to the alteration of a boundary line depends on his finding that the "refusal is unreasonable in the light of

the educational interests of the children involved and the effect of the transfer on the student population, tax revenues and educational program of the school district from which the property would be transferred" *(Matter of Salerni,* 27 Ed Dept Rep 393, 397, *supra; see, Matter of Schaeffer,* 9 Ed Dept Rep 57; *Matter of O'Connor,* 4 Ed Dept Rep 8).

The Commissioner's decision which is the subject of this appeal clearly and specifically distinguished the instant case from his decision in *Matter of Salerni.* Provision has been made to permit those Waterford-based children who had begun their education in Shenendehowa to continue there until graduation from high school. Waterford offered to pay over to Shenendehowa the school taxes it collected from the property in which those children reside to decrease any negative economic impact upon Shenendehowa. Because the properties had only been on the Shenendehowa tax rolls for approximately six years and the impact of the loss of tax revenue would be more drastic on Waterford, the Commissioner concluded that the refusal to consent to the boundary change was not unreasonable.

In conclusion, we find that the Commissioner has adequately explained the rationale and his reasoning for reaching a result different from that in *Matter of Salerni* and that the factual circumstances in this case are sufficiently distinguishable to warrant the different results *(see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 518-520, *supra; Matter of Engel v Sobol,* 161 AD2d 873, 874).

Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.