■ In the Matter of HUDSON FALLS CENTRAL SCHOOL DISTRICT, Respondent, v TOWN OF MOREAU ASSESSOR et al., Appellants. (And Another Related Proceeding.) [608 NYS2d 355] — Mikoll, J. P. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered January 4, 1993 in Saratoga County, which, *inter alia,* in a proceeding pursuant to RPTL article 7, granted petitioner's motion for summary judgment.

Petitioner commenced two proceedings, the instant RPTL article 7 proceeding seeking to review and correct the tax assessment roll of the Town of Moreau, Saratoga County, for the year 1992 and a related CPLR article 78 proceeding seeking to correct the tax assessment roll and records of the Town for the year 1992. Respondents served no answer in the RPTL article 7 proceeding and the allegations contained in that petition were deemed denied pursuant to RPTL 712 (1). Respondents did serve an answer in the CPLR article 78 proceeding. The petitions allege that the action of respondent Town of Moreau Assessor in unilaterally dividing a parcel of real property owned by Niagara Mohawk Power Corporation into three parcels on the Town's 1992 tentative assessment

roll and in designating two of the parcels as part of the South Glens Falls Central School District (hereinafter SGF School District) was improper, unlawful, in excess of his authority, beyond his jurisdiction and an abuse of his discretion.

The Niagara Mohawk property has been located wholly within the boundaries of petitioner and allocated to petitioner for school tax purposes since 1953. The Assessor's decision to redesignate the property was apparently based on a 1953 consent order entered into between the Board of Education of petitioner and that of the SGF School District which purportedly changed district boundaries but which was not received by the Saratoga County Real Property Tax Services Agency or shown on the official tax map until November 1991. The consent order also allegedly was not properly filed according to the Education Law.

Petitioner filed complaints with respondent Town of Moreau Board of Assessment Review (hereinafter Review Board) claiming that the 1992 assessments were unlawful because the property in question lies outside the boundaries of the school district to which it was designated and has been entered on the assessment roll by a person or body without authority to do so. The Review Board refused to change the assessments and petitioner commenced these two proceedings. Petitioner moved for summary judgment in the RPTL article 7 proceeding and Supreme Court ruled that the respective Superintendents of the two school districts involved have the authority to alter such boundaries under the Education Law, granted petitioner's motion for summary judgment and directed respondents to correct the 1992 assessment roll to reflect that, as of the 1992 taxable status date, the property in question was within petitioner's boundaries. Supreme Court also dismissed the CPLR article 78 petition as moot. This appeal by respondents ensued.

Initially, we note that Supreme Court improperly dismissed petitioner's CPLR article 78 proceeding as moot. Where, as here, the essence of the proceeding is that the taxing authority exceeded its power or acted beyond its jurisdiction, a RPTL article 7 proceeding is not the proper vehicle for the relief sought; rather, CPLR article 78 proceeding is appropriate (see, Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204-205).

It is the duty of the town tax assessor in the assessment of property for school tax purposes to prepare for each school district wholly or partly within the town a duplicate of that part of the final assessment role which applies to that district

*(see,* RPTL 1302 [2]). It is the full responsibility of school authorities to ascertain whether particular real property is within school district boundaries *(see,* RPTL 1302 [2]). Thus, the town tax assessor functions ministerially in preparing the duplicate assessment roll required by RPTL 1302 (2).

The record indicates that the change on the tax map and the corresponding change in the assessment roll resulted from the action of the apparently appropriate school authority. The Assistant to the Superintendent of the Sole Supervisory District, Saratoga-Warren Counties, had been directed by the District Superintendent to study the component school boundaries within the supervisory district and, in so doing, examined the records relating to the boundaries between the SGF School District and petitioner and discovered a consent order executed in 1953 pursuant to Education Law § 1507. The consent order altered the school boundaries in dispute herein, but had never been incorporated into the relevant tax map or assessment roll.

A district superintendent of a supervisory district is vested with the authority and duty to investigate and establish the location of boundaries of schools located within the supervisory district under Education Law § 2215 (1) *(see, Matter of Board of Educ. v Sobol,* 182 AD2d 944, n 1). Petitioner's claim that the Assistant District Superintendent did not have the authority to so act because of the absence of evidence of an express grant of authority from the District Superintendent is not persuasive. In his affidavit, the Assistant District Superintendent asserts that he was assigned by the District Superintendent to study the component school boundaries. This was some evidence of the required grant of authority and the Assistant District Superintendent facially had authority to act upon which the Assessor was entitled to rely. It is the Assessor's actual authority to act that is controlling here, not that of the Assistant District Superintendent. The Assessor could properly act here on the facial authority of the Assistant District Superintendent.

Petitioner's controversy is in reality with the propriety of the boundary determination made pursuant to Education Law § 2215 (1) and can only be pursued through an appeal to the Commissioner of Education *(see,* Education Law § 2217).

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, summary judgment granted to respondents and petitions dismissed.