■ In the Matter of JEREMIAH C. GAFFNEY, III, et al., Appellants, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Respondents. [621 NYS2d 142] —Casey, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered April 22, 1994 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education denying petitioners' children tuition-free education in respondent Lawrence Union Free School District.

When a question arose as to whether petitioners' children resided within respondent Lawrence Union Free School District (hereinafter the District), Robert Pape, the District's Supervisor of Transportation, conducted an investigation. Pape observed petitioner Lynette Gaffney drop the children off at school one morning and followed her to a one-family home in Queens County, which was outside the District. Thereafter, Pape conducted a surveillance of the Queens residence on 17 school days in February and March 1993. On each of those days, Pape observed one of the petitioners drive one or more of their children from the Queens residence either directly to school or to one of the District's school bus stops.

The District notified petitioners that their children would be excluded from the District's schools due to nonresidency and that the District would seek to recover the cost of nonresident tuition (see, Education Law § 3202). Upon petitioners' request, a hearing was held at which petitioners were given the opportunity to present evidence and cross-examine witnesses. Based upon the fact-finding report of the designee who conducted the hearing, the District Superintendent concluded that petitioners and their children were not bona fide residents of the District. Petitioners appealed the Superintendent's decision to the District's Board of Education and were given the opportunity to present additional evidence to the Board. After the hearing, the Board denied petitioners' appeal.

Pursuant to Education Law § 310, petitioners appealed the Board's determination to respondent Commissioner of Education. Rejecting petitioners' arguments that the Board's determination was arbitrary, capricious and unreasonable, the Commissioner concluded that the District had met its burden of establishing that petitioners did not reside in the District. Petitioners then commenced this CPLR article 78 proceeding to review the Commissioner's determination, and requested that the matter be transferred to this Court pursuant to CPLR 7804 (g). After respondents answered and moved to dismiss, Supreme Court ruled on the merits of petitioners' claims and dismissed the petition, resulting in this appeal by petitioners.

Petitioners claim that Supreme Court erred in dismissing the petition on the merits because factual issues exist and the matter should have been transferred to this Court. Although the issue of residency involves a mixed question of law and fact (Catlin v Sobol, 77 NY2d 552, 561), any factual question involved in the residency issue was finally resolved by the Commissioner's determination of petitioners' appeal from the Board's decision. The only determination under review in this

proceeding is that of the Commissioner, and the only question on judicial review of the Commissioner's determination is whether it is arbitrary and capricious and without rational basis *(see, supra)*. In the absence of a substantial evidence question, Supreme Court did not err in disposing of the issues raised in the petition *(see,* CPLR 7804 [g]).

Petitioners contend that the Commissioner erred in permitting the District to submit additional affidavits, exhibits and supporting papers other than those introduced at the initial hearing, but the relevant regulations, promulgated pursuant to Education Law § 311 (1), specifically authorize the Commissioner to permit the submissions (8 NYCRR 276.5). That the District submitted the evidence without obtaining *prior* approval from the Commissioner as required by the regulation is, in our view, a mere irregularity which does not affect the validity of the Commissioner's determination in the absence of actual prejudice, which petitioners have not shown.

Petitioners also raise a procedural argument concerning the surveillance report, which does not identify its author or the person who conducted the surveillance. According to petitioners, the report constitutes unsubstantiated, anonymous hearsay and its introduction at the initial hearing deprived them of the opportunity to confront the author of the report and the person who conducted the surveillance. It is clear from the record that Pape prepared the report and conducted the surveillance. It is also clear from the record that Pape appeared and testified at the initial hearing when the report was introduced. The District contends that it was obvious from the context of Pape's testimony that he conducted the surveillance and prepared the report. Petitioners deny that Pape was so identified (the initial hearing was not transcribed). In any event, petitioners do not claim that they questioned Pape or anyone else at the initial hearing about the identity of the person who conducted the surveillance and prepared the report, although they clearly had the opportunity to do so.

Nor does it appear that petitioners challenged the accuracy of the report at the initial hearing. Instead, they apparently sought to explain the reason for their children's presence at the Queens residence and to demonstrate that the observations detailed in the report were not necessarily inconsistent with petitioners' claim that they resided in the District. Although petitioners later claimed that the report was inaccurate, we see no error in the procedure which would render the Commissioner's determination arbitrary and capricious *(see, Matter of Gray v Adduci,* 73 NY2d 741). Nor do we see any

error in the Commissioner's reliance on the unsworn, uncorroborated report in concluding that the District met its burden of proving that petitioners do not reside in the District (see, e.g., Matter of Diehsner v Schenectady City School Dist., 152 AD2d 796, 797).

The evidence in the record established that petitioners owned the Queens residence and they gave contradictory explanations of their use of the Queens residence. Petitioners submitted evidence to support their claim that they resided in an apartment located within the District, but the evidence was consistent with petitioners' use of the premises where the apartment was located to conduct their funeral home business. Utility records for the apartment showed a usage that was inconsistent with petitioners' claim that they resided in the apartment. Based upon our examination of the record, we cannot say that the Commissioner's determination on the residency issue was arbitrary and capricious and without rational basis.

We also reject petitioners' claim that the Commissioner's determination must be annulled because it is contrary to a prior decision based on essentially the same facts (see, Matter of Martin [Troy Publ. Co.—Roberts], 70 NY2d 679, 681). The facts in the case relied upon by petitioners (Appeal of Barron, 31 Ed Dept Rep 1), which concerned parents who were separated with the custodial parent residing in the school district, are readily distinguishable from the facts of this case, where the parents are not separated and there is evidence that the children reside with their parents outside the District. Supreme Court correctly dismissed the petition and the judgment must, therefore, be affirmed.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.