■ In the Matter of BOARD OF EDUCATION OF THE SEWANHAKA CENTRAL HIGH SCHOOL DISTRICT, Appellant, v THOMAS SOBOL, as Commissioner of Education, New York State Education Department, et al., Respondents. [623 NYS2d 412] —Crew III, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered May 31, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education directing petitioner to admit Justin S. to the schools of the Sewanhaka Central High School District on a tuition-free basis.

When respondent Joyce S. (hereinafter respondent) enrolled her son, Justin S., in school in September 1989, she represented that she and Justin resided in the Village of New Hyde Park, Nassau County, at an address within the boundaries of the Sewanhaka Central High School District (hereinafter the school district). Prior to this, respondent and Justin had resided with Justin's father in Hollis, Queens County, which is outside the school district's boundaries. Questions regarding

respondent and Justin's residency arose in May 1992 when the school district discovered that Justin's father resided outside the school district. A residency hearing was conducted in July 1992, at which respondent appeared and testified, and the school district's designee ultimately determined that respondent and Justin resided at the New Hyde Park address and, as such, Justin was entitled to attend New Hyde Park Memorial High School.

It appears that petitioner had lingering concerns regarding respondent and Justin's residency and hired a private firm to conduct a surveillance of the New Hyde Park residence. As a result of this surveillance, a second residency hearing was conducted in February 1993. Respondent appeared, testified and offered documentary evidence in support of her assertion that she and Justin continued to reside at the New Hyde Park address, and petitioner introduced numerous surveillance reports revealing, *inter alia,* that on certain dates respondent was not present at the New Hyde Park address. The Hearing Officer concluded that respondent and Justin were not in fact residents of the school district and, hence, Justin could not continue to attend his present school. Respondent appealed the Hearing Officer's decision to respondent Commissioner of Education who, after reviewing the evidence, determined that respondent and Justin indeed were residents of the school district. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the Commissioner's determination. Supreme Court dismissed the petition and this appeal ensued.

It is well settled that judicial review of a determination rendered by the Commissioner is limited to whether it is arbitrary and capricious or is unsupported by the record *(see, Catlin v Sobol,* 77 NY2d 552, 561; *Matter of Gundrum v Ambach,* 55 NY2d 872, 873). Because we agree with Supreme Court that the Commissioner's determination is supported by the record before us, Supreme Court's judgment dismissing the petition must be affirmed *(see, Matter of Gaffney v New York State Dept. of Educ.,* 210 AD2d 810).

Initially, we reject petitioner's assertion that the Commissioner was bound by the Hearing Officer's decision in this matter *(see generally,* Education Law § 310; *Matter of Shurgin v Ambach,* 56 NY2d 700, 702). Turning to the merits, a student's residency, for purposes of the Education Law, is presumed to be that of his or her parents or legal guardian *(see generally, Catlin v Sobol, supra,* at 558-559) and, as such, petitioner bore the burden of establishing that respondent and Justin did not reside at the New Hyde Park address. In its

attempt to demonstrate that respondent and her son resided outside the school district, petitioner primarily relied upon the surveillance reports which, as noted previously, indicated that respondent was not present at the New Hyde Park address on certain dates. Respondent, on the other hand, submitted a number of documents, including a copy of her driver's license, voter registration card, library card, insurance identification card and utility bills, all of which bore the New Hyde Park address. Additionally, respondent offered an explanation as to why she may not have been observed at the New Hyde Park address on the dates in question, which the Commissioner apparently credited, and detailed the liberal visitation arrangement that Justin enjoys with his father. Such evidence, in our view, supports the Commissioner's determination as to residency and, as such, it will not be disturbed. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs to respondent Joyce S.