■ In the Matter of BOARD OF EDUCATION OF THE LISBON CENTRAL SCHOOL DISTRICT, Appellant, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents. [641 NYS2d 168] —Spain, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered March 23, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education holding that certain lands lie within the boundaries of the Ogdensburg Enlarged City School District and not within the Lisbon Central School District.

In 1901, the City of Ogdensburg in St. Lawrence County annexed a parcel of land occupied by the St. Lawrence State Hospital (*see*, L 1901, ch 340). In 1901, the Ogdensburg Enlarged City School District (hereinafter City School District) was governed by special legislation passed in 1857 (L 1857, ch 382),[1] as amended in 1868 (L 1868, ch 249).[2] Pursuant to these statutes, which were not repealed until 1917 (L 1917, ch 786), the boundaries of the City School District included the boundaries of the City of Ogdensburg. For the next 90 years, the City School District provided tuition-free educational services to residents of the property formerly occupied by the St. Lawrence State Hospital (hereinafter the annexed land).

In 1991, petitioner first claimed right to the annexed land, contending that the annexed land was part of Common School

1. The Laws of 1857 (ch 382) provided, in pertinent part: "All that territory comprised within the corporation limits of the village of Ogdensburgh, lying in the town of Oswegatchie, and those parts of school districts numbers one and twenty-one, of the town of Oswegatchie, lying without the said corporation limits, are hereby consolidated and organized into one school district, subject to the control of a board of education as hereinafter provided" (L 1857, ch 382, § 1).

2. The Laws of 1868 (ch 249, § 30) provided in pertinent part that "[w]henever the village of Ogdensburgh shall be incorporated as a city, *with or without additional territory*, then this act shall apply to that corporation, the same as now to the village corporation" (emphasis supplied). Notably, the village was incorporated as the City of Ogdensburg 10 days later (*see*, L 1868, ch 335).

District No. 1 in the Town of Lisbon, St. Lawrence County, as depicted on a 1943 master plan atlas map of the Joint Legislative Committee on the State Education System (hereinafter the 1943 atlas map), and became part of it when Common School District No. 1 was annexed to the Lisbon Central School District in 1956. The City School District, upon the belief that it, as well as the City of Ogdensburg, annexed the disputed property in 1901, contends that the annexed land was not within Common School District No. 1 in 1956 and, therefore, could not be annexed to petitioner at that time.

Pursuant to Education Law § 2215 (1), petitioner requested a determination from the District Superintendent of the Sole Supervisory District of St. Lawrence and Lewis Counties of the boundary between the Lisbon Central School District and the City School District. The District Superintendent determined that the annexed land was in the Lisbon Central School District. The City School District appealed this determination to respondent Commissioner of Education, arguing that the District Superintendent's determination was erroneously based on the 1943 atlas map and that the annexed land had been under the City School District's control since 1901. The Commissioner set aside the District Superintendent's decision and determined that the annexed land is a part of the City School District. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the Commissioner's determination. Supreme Court upheld the Commissioner's determination and dismissed the petition (164 Misc 2d 411). Petitioner appeals.

We affirm. This Court's inquiry in reviewing the determination of the Commissioner is limited to whether said determination is "arbitrary and capricious or is unsupported by the record" (*Matter of Board of Educ. v Sobol*, 213 AD2d 844, 845; *see, Catlin v Sobol*, 77 NY2d 552, 561; *Matter of Gundrum v Ambach*, 55 NY2d 872, 873; *Matter of Board of Educ. v Nyquist*, 28 AD2d 936, 938, *lv denied* 21 NY2d 642; *see also,* Education Law § 310). This Court is "not to decide the determination anew or to substitute [its] judgment * * * for that of the Commissioner" (*Cutcher v Nyquist*, 43 AD2d 58, *lv denied* 33 NY2d 521). Upon review of the three pertinent statutory provisions, we conclude that the Commissioner's determination was logical, supported by the evidence, neither arbitrary nor capricious and, therefore, should not be disturbed.

It is uncontroverted that since 1901, the City School District has provided tuition-free educational services to the residents of the annexed land and that the residents have voted in the

City School District's elections, without objection from petitioner. The record also indicates that the annexed land has been carried on the City School District's tax-exempt rolls since 1927, also without objection from petitioner. Petitioner has offered no evidence that the annexed land was ever considered a part of its school district prior to 1991. Petitioner's failure to controvert the presumption raised by these uninterrupted historical events and practices (*see, Matter of Salerni*, 27 Ed Dept Rep 393, 397, *affd sub nom. Matter of Schuylerville Cent. School Dist. v Commissioner of Educ. of State of N. Y.*, 152 AD2d 241), and the language of the pertinent statutes in effect between 1857 and 1901 are supportive of Supreme Court's determination.

Finally, petitioner's reliance on the 1943 atlas map is misplaced. The 1943 atlas map "was never intended to be, cannot be, and is not an accurate and detailed map of school district boundaries in the sense that it shows or determines the relation of school district boundaries to individual parcels of property" (*Matter of City School Dist. of City of Middletown*, 4 Ed Dept Rep 19, 20-21). Rather, "[t]he atlas is merely a pictorial representation of the State's school districts and has no probative value as to the relation of district boundaries to individual parcels of property" (*supra*, at 21).

We have reviewed petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.