■ POCANTICO HOME & LAND COMPANY, LLC, et al., Respondents, and BRUCE C. EDELSTEIN et al., Intervenors-Respondents, v UNION FREE SCHOOL DISTRICT OF THE TARRYTOWNS et al., Appellants. [799 NYS2d 235]—

In an action, inter alia, for a judgment declaring that certain real property is situated within the boundaries of the Pocantico Hills Central School District, (1) the defendants Union Free School District of the Tarrytowns and Board of Education of Union Free School District of the Tarrytowns appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered December 13, 2004, as (a) denied their motion to vacate an order of the same court dated May 27, 2004, which granted the plaintiffs' motion for a preliminary injunction and, in effect, for a stay pending appeal enjoining them from excluding the school-aged children of the plaintiffs Craig Benson, Jessica Benson, George Bernacchia, Robin Bernacchia, Francis D. Cerrito, Leeann Cerrito, Bock Soo Lee, Ae Sook Lee, Sarada Neppala, Subbarayudu Neppala, Angela Meli, Matthew Meli, and Cindy Kief, and the intervenor-plaintiff Bruce C. Edelstein, from attending, tuition-free, the public schools operated by the defendant Pocantico Hills Central School District, (b) denied that branch of their cross motion which was for summary judgment dismissing the complaints of the plaintiffs and the intervenor-plaintiffs insofar as asserted

against them, and (c) granted the plaintiffs' motion for summary judgment declaring that certain real property is situated within the boundaries of the Pocantico Hills Central School District, and the defendants Pocantico Hills Central School District and Board of Education of Pocantico Hills Central School District separately appeal, as limited by their brief, from so much of the same order as (a) upon converting their cross motion to dismiss the complaints of the plaintiffs and the intervenor-plaintiffs insofar as asserted against them pursuant to CPLR 3211 (a) (1), (2), (3), (5), (7), and (10) into a cross motion for summary judgment dismissing the complaints of the plaintiffs and the intervenor-plaintiffs insofar as asserted against them, denied their cross motion and (b) granted the plaintiffs' motion for summary judgment declaring that certain real property is situated within the boundaries of the Pocantico Hills Central School District, and (2) the defendants Union Free School District of the Tarrytowns and Board of Education of Union Free School District of the Tarrytowns appeal, and the defendants Pocantico Hills Central School District and Board of Education of Pocantico Hills Central School District separately appeal, from an order and judgment (one paper) of the same court, also entered December 13, 2004, which, upon the order entered December 13, 2004, (a) declared that the subject real property is situated within the boundaries of the Pocantico Hills Central School District, and that the school-aged children of the plaintiffs Craig Benson, Jessica Benson, George Bernacchia, Francis D. Cerrrito, Leeann Cerrito, Bock Soo Lee, Ae Sook Lee, Sarada Neppala, Subbarayude Neppala, Angela Meli, Matthew Meli, and Cindy Kief, and the intervenor-plaintiff Bruce C. Edelstein, are entitled to attend, tuition-free, the public schools operated by the defendant Pocantico Hills Central School District, (b) directed the Board of Education of Union Free School District of the Tarrytowns and the Board of Education of Pocantico Hills Central School District to effectuate a transfer of the subject property and certain other real property to the jurisdiction of the Pocantico Hills Central School District, and (c) directed the Board of Education of Union Free School District of the Tarrytowns and the Board of Education of Pocantico Hills Central School District to consent to the alteration of the relevant school district boundary line.

Ordered that the appeals from the order are dismissed, without costs or disbursements; and it is further,

Ordered that the order and judgment is reversed, on the law, the plaintiffs' motion for summary judgment is denied, the cross motion of the defendants Pocantico Hills Central School District

and Board of Education of Pocantico Hills Central School District for summary judgment dismissing the complaints of the plaintiffs and the intervenor-plaintiffs insofar as asserted against them is granted, the separate cross motion of the defendants Union Free School District of the Tarrytowns and Board of Education of Union Free School District of the Tarrytowns for summary judgment dismissing the complaints of the plaintiffs and the intervenor-plaintiffs insofar as asserted against them is granted, the complaints are dismissed, and the order entered December 13, 2004, is vacated; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeals from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the order and judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs and the intervenor-plaintiffs (hereinafter collectively referred to as the plaintiffs) are owners and/or contract vendees of certain real property located within a residential housing subdivision known as The Legends at Pocantico Hills, located in the Village of Sleepy Hollow (hereinafter the property). In order to resolve a dispute over whether the property was located within the geographic boundaries of the Pocantico Hills Central School District (hereinafter the CSD) or the Union Free School District of the Tarrytowns (hereinafter the UFSD), Spectrum Communities, LLC (hereinafter Spectrum), an entity affiliated with the plaintiff Pocantico Home and Land Company, LLC (hereinafter Pocantico Home), and represented by the same attorneys, petitioned the District Superintendent of the Southern Westchester Board of Cooperative Educational Services (hereinafter the District Superintendent) pursuant to Education Law § 2215 (1) to determine the relevant boundary. On March 8, 2004, after an evidentiary hearing attended by representatives of Spectrum, the CSD, and the UFSD, the District Superintendent determined that the property was located wholly within the geographic boundaries of the UFSD. On April 5, 2004, the plaintiffs commenced this action, inter alia, for a judgment declaring that the property was situated within the geographic boundaries of the CSD. The following day, pursuant to Education Law § 2217, the attorneys representing Pocantico Home in the instant action filed an administrative appeal from the determination of the District Superintendent on behalf of Spectrum with the Commissioner of the New York State Education Department (hereinafter the Commissioner).

The papers filed with the administrative appeal recited essentially the same facts stated in the complaints and sought essentially the same relief, i.e., a determination that the property lies within the geographic boundaries of the CSD. The Supreme Court, inter alia, granted summary judgment in favor of the plaintiffs, and these appeals ensued. A week after the Supreme Court rendered its order and judgment, Spectrum withdrew its administrative appeal to the Commissioner.

The order and judgment must be reversed. The "constitutionally protected jurisdiction of the Supreme Court does not prohibit the Legislature from conferring exclusive original jurisdiction upon an agency in connection with the administration of a statutory regulatory program. In situations where the Legislature has made that choice, the Supreme Court's power is limited to article 78 review, except where the applicability or constitutionality of the regulatory statute, or other like questions, are in issue" (*Sohn v Calderon,* 78 NY2d 755, 767 [1991]; *see Matter of Schulz v State of New York,* 86 NY2d 225, 231 [1995], *cert denied* 516 US 944 [1995]; *Flacke v Onondaga Landfill Sys.,* 69 NY2d 355, 362-363 [1987]; *Loretto v Teleprompter Manhattan CATV Corp.,* 58 NY2d 143, 152-153 [1983]).

School districts in this State are creatures of statute, which can only be formed, dissolved, or altered in accordance with the provisions of title II of the Education Law. Insofar as it is relevant to these appeals, where the boundaries of a school district within a supervisory district are in dispute, Education Law § 2215 (1) specifically empowers the district superintendent of schools of that supervisory district to "cause the same to be amended or an amended record of the boundaries to be made and filed in the office of the proper town clerk and in the education department" (*see Matter of Hudson Falls Cent. School Dist. v Town of Moreau Assessor,* 202 AD2d 716, 718 [1994]; *Matter of Board of Educ. of Shenendehowa Cent. School Dist. v Sobol,* 182 AD2d 944 n 1 [1992]). In addition, the district superintendent specifically has the power to "make an order altering the boundaries of any school district within his [or her] jurisdiction" (Education Law § 1507 [1]; *see* Education Law §§ 1508, 1509). An appeal from a determination of a district superintendent of schools resolving a school district boundary dispute may be taken to the Commissioner (*see* Education Law §§ 310 [2], 2217; *Matter of Board of Educ. of Lisbon Cent. School Dist. v Sobol,* 226 AD2d 945 [1996]; *Matter of Hudson Falls Cent. School Dist. v Town of Moreau Assessor, supra* at 718).

The statutory scheme established by the Education Law reflects the Legislature's intent to vest in the appropriate

district superintendent of schools exclusive original jurisdiction over school district boundary disputes, and to require that an aggrieved party exhaust all administrative remedies before seeking to invoke the jurisdiction of the court (*cf. Matter of Finch, Pruyn & Co. v Kearns,* 282 AD2d 858, 859 [2001]). The plaintiffs do not challenge the constitutionality or applicability of the Education Law, and have alleged no other circumstance that would excuse their failure to exhaust available administrative remedies (*see Capers v Giuliani,* 253 AD2d 630, 633 [1998]). In fact, all of the arguments raised by the plaintiffs before the Supreme Court, including those based on allegations of decades of actions and inaction by the UFSD and CSD which resulted in the Supreme Court invoking the equitable doctrines of acquiescence and estoppel, were also advanced by Spectrum in its withdrawn administrative appeal, and could have been considered by the Commissioner (*see Matter of Board of Educ. of Lisbon Cent. School Dist. v Sobol, supra,* at 946-947). Moreover, the individual plaintiffs' attempt, on appeal, to characterize the instant action as one for the specific performance of a contract purportedly entered into in 1953 between the Tarrytown and Pocantico Hills school boards rings hollow. Because the school boards have no statutory power to alter the geographic boundaries of a school district, the purported agreement, assuming it exists, could only be implemented through a determination of the District Superintendent and, upon review, the Commissioner. In any event, we note that the alleged 1953 agreement was specifically raised by Spectrum in its aborted administrative appeal of the District Superintendent's March 8, 2004, determination.

The plaintiffs concede, as they must, that the District Superintendent has already determined that the property is within the geographic boundaries of the UFSD. The order and judgment appealed from, in effect, vacated that determination upon a de novo review of the facts supplemented by a further evidentiary record. The Supreme Court substituted its own judgment for that of the District Superintendent, and pre-empted the Commissioner's plenary administrative review power under Education Law §§ 310 and 2217 (*see Matter of Board of Educ. of City of N.Y. v Allen,* 6 NY2d 127, 135-136 [1959]; *Matter of Board of Educ. of Lisbon Cent. School Dist. v Sobol, supra*). This was error. Because the relief sought by the plaintiffs involved the exercise of a statutory power expressly granted to the District Superintendent and, upon plenary review, to the Commissioner, the road to judicial review in this case must pass first through the office of the Commissioner. The court's role is limited to a review of the Commissioner's determination pursuant to a

properly commenced proceeding pursuant to CPLR article 78 (*see Matter of Board of Educ. of Lisbon Cent. School Dist. v Sobol, supra* at 946; *see also Matter of Hudson Falls Cent. School Dist. v Town of Moreau Assessor, supra*; *cf. Matter of Schulz v State of New York, supra*). Inasmuch as the Commissioner made no such determination in this case, the Supreme Court had no subject matter jurisdiction and should have dismissed the action (*see Sohn v Calderon, supra* at 768).

The parties' remaining contentions either have been rendered academic or are without merit. Florio, J.P., H. Miller, Ritter and Fisher, JJ., concur.