■ In the Matter of JANE EXTROM et al., as the Board of Managers of Legg Hall Condominium, Appellants, v TOWN OF SKANEATELES et al., Respondents. (Appeal No. 1.)—Order unanimously reversed, on the law, with costs, respondents' motion denied and petitioners' cross motion granted. Memorandum: The failures to provide and to attach to the petition written authorizations designating the board of managers of the condominium to act as agent for the unit owners as required by Real Property Law § 339-y(4) and Real Property Tax Law § 706(2) are not jurisdictional defects, but irregularities that were waived by the failure of the town to give prompt notice of those objections *(see, Matter of Ames Dept. Stores v Assessor of Town of Concord,* 102 AD2d 9, 13; *Bergman v Horne,* 100 AD2d 526; *Matter of Skuse v Town of S. Bristol,* 99 AD2d 670).

The town further contends that the part of the petition referring to the provisions of Real Property Law § 339-y (1) (b) and Real Property Tax Law § 581 (1) (a) should be dismissed since they were

not brought to the attention of the Board of Assessment Review. Those sections mandate that the aggregate of the assessments of the condominium units shall not exceed the total valuation of the property, were the property assessed as a parcel, and that the units be assessed at a sum not exceeding that which would be proper if they were not owned on a condominium basis.

It is established law that a ground not raised before the Board of Assessment Review cannot be considered by the court on review under Real Property Tax Law article 7 *(see, Matter of City of Little Falls v Board of Assessors,* 68 AD2d 734; *People ex rel. Greenwood v Feitner,* 77 App Div 428, 431; 24 Carmody-Wait 2d, NY Prac § 146:94). The grounds for review both before the Board (Real Property Tax Law § 524 [2]) and before the court (Real Property Tax Law § 706 [1]) are overvaluation, inequality, illegality, and misclassification of the property. Here, in their complaints before the Board, petitioners specified inequality as a ground for review. Real Property Law § 339-y (1) (b) and Real Property Tax Law § 581 (1) (a) do not establish new grounds for review. They govern the method of valuing condominium property. It is not necessary in an overvaluation or inequality case to allege in the complaint that the assessor used the wrong method to establish the value of the property, since the Board "should be charged with knowledge of the proper" method of valuation *(Matter of Rokowsky v Finance Administrator of City of N. Y.,* 41 NY2d 574, 577). Thus, petitioners, in establishing the values of the condominium units under their claim of inequality, may use the provisions of Real Property Law § 339-y (1) (b) and Real Property Tax Law § 581 (1) (a), even though they did not refer to those provisions in their complaints before the Board. (Appeal from order of Supreme Court, Onondaga County, Lynch, J.—RPTL art 7.) Present—Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.