■ MICHAEL B. FREEDMAN, Doing Business as SCHENECTADY PALLET SERVICE & REPAIR, Appellant, v ROTTERDAM VENTURES, INC., Respondent.—Casey, J. Appeal from that part of an order of the Supreme Court (Lynch, J.), entered March 25, 1987 in Schenectady County, which denied plaintiff's cross motion for a default judgment or summary judgment.

Plaintiff appeals only from that portion of the order which denied his requested relief. Plaintiff failed to appeal from that portion of the order which granted defendant permission to serve a properly verified answer.

The dispute stems from facts which reveal that on November 8, 1986, at approximately 6:20 A.M., a building in an industrial park in the Town of Rotterdam, Schenectady County, owned by defendant and partially leased to plaintiff for the remanufacture of pallets, was destroyed by fire. As a result, plaintiff sued defendant for its failure to properly keep and maintain a fire alarm and sprinkler system. On or about December 15, 1986, plaintiff served its summons and complaint upon the Secretary of State pursuant to Business Corporation Law § 306. Attorneys for defendant claim they received these pleadings on January 14, 1987, the final day on which to serve an answer or otherwise appear, and having no indication that plaintiff's complaint was verified, served an unverified answer on plaintiff's attorney on the same day, January 14, 1987. This answer was rejected by plaintiff for lack of proper verification. On January 16, 1987 the same answer, verified by one of defendant's attorneys, was received back by plaintiff. Again the answer was rejected and returned on January 16, 1987 due to plaintiff's attorney's dissatisfaction with the attorney's verification and because plaintiff's attorney contended that an officer of defendant was in Schenectady County and able to verify the answer. Thereafter, on or about January 30, 1987, defendant moved to compel the acceptance of its answer and plaintiff cross-moved for, *inter alia,* a default judgment pursuant to CPLR 3215.

Supreme Court granted defendant's motion to serve a properly verified answer and denied plaintiff's cross motion in its entirety. Pursuant to the order of the court entered upon its decision, defendant has timely served a third answer appropriately verified by a corporate officer.

We agree with the determination of Supreme Court since plaintiff has failed to show any prejudice whatsoever resulting from the defective verification or the short delay involved *(see, Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429). The order, insofar as appealed from, should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., and Harvey, JJ., concur.