■ ROBERT HARDY, Appellant, v THOMAS HARDY et al., Defendants, and CARMEN GOODY POOLS, INC., et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court (McDermott, J.), entered September 5, 1989 in Albany County, which, *inter alia,* denied plaintiff's motion for a default judgment against defendants Carmen Goody Pools, Inc., and Carmen Goody Vinyl Products, Inc.

This personal injury action arises out of injuries allegedly sustained by plaintiff in July 1985 when he dove into a swimming pool owned by defendants Thomas Hardy and Theresa Hardy. The complaint alleges negligence, products liability and breach of warranty against various defendants, including Carmen Goody Pools, Inc. and Carmen Goody Vinyl Products, Inc. (hereinafter collectively referred to as defendants). The complaint was served upon defendants by service upon the Secretary of State, pursuant to Business Corporation Law § 306, on June 27, 1988. However, it appears that prior to such service defendants had both ceased to exist as corporate entities. Nonetheless, in July 1988, defendants' counsel, Robert Gottheim, forwarded the summons and complaint to defendants' insurance agent. This person, in turn, forwarded the matter to defendants' insurance carrier with the advice that there was no valid policy in effect at the time of the accident and therefore no coverage should be provided. Relying on this advice, the carrier obtained from plaintiff's attorney a short

extension for answering and then returned the summons and complaint to Gottheim, informing him that no coverage existed and that Gottheim should answer the complaint.

Thereafter, for whatever reason, Gottheim never answered on behalf of defendants. Gottheim did ultimately write to the carrier and inform it that it was mistaken in its denial of coverage. The carrier learned of the failure to answer in April 1989 and attempted to serve a late answer on behalf of defendants. However, plaintiff was already seeking a default judgment against defendants. Defendants, through counsel then supplied by the carrier, countered with an order to show cause as to why an order should not be entered granting them leave to serve an answer. Ultimately Supreme Court, among other things, denied plaintiff's motion for a default judgment and granted defendants' cross motion for leave to serve a late answer. This appeal by plaintiff followed.

We affirm. Supreme Court did not improperly deny plaintiff's motion for a default judgment. Clearly, defendants' failure in timely answering the complaint was caused by confusion and misunderstanding amounting to law office failure. Supreme Court obviously found this to be a sufficient showing of "reasonable excuse" for defendants' delay in answering *(see,* CPLR 3012 [d])* and we find no basis for disturbing that court's discretion in this regard *(see,* CPLR 2005; *Matter of Sheehan v Scaringe,* 154 AD2d 832, *lv denied* 74 NY2d 615). We are further persuaded by the fact that plaintiff has failed to allege any prejudice whatsoever resulting from the delay in service of an answer *(see, Freedman v Rotterdam Ventures,* 137 AD2d 946). Accordingly, Supreme Court's order should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.