■ In the Matter of CALLANAN INDUSTRIES, INC., Appellant, v WILLIAM ROURKE et al., Constituting the Planning Commission of the City of Troy, Respondents.—Levine, J. P. Appeal from a judgment of the Supreme Court (Travers, J.), entered January 10, 1992 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* review a determination of the Planning Commission of the City of Troy requiring petitioner to prepare a draft environmental impact statement.

In November 1990, petitioner applied for site plan approval from the Planning Commission of the City of Troy for the relocation of petitioner's asphalt plant to a site within the South Troy Industrial Park in Rensselaer County. The Planning Commission subsequently issued a staff report which indicated that petitioner's application was subject to review under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). The Planning Commission labeled the proposal an unlisted action and requested that petitioner submit additional information in support of its application, including a full environmental assessment form (hereinafter EAF) and supplemental site plan information. In June 1991, after several hearings, the Planning Commission issued a positive declaration pursuant to SEQRA and directed petitioner to prepare a draft environmental impact statement (hereinafter EIS). At a later meeting, the Planning Commission issued a scoping document identifying the areas of environmental concern to be addressed in the draft EIS.

One month prior to petitioner's application, another asphalt manufacturer, Warren W. Fane, Inc., applied to the Planning Commission for approval of a site plan for a similar asphalt plant using the same process as petitioner's plant and within the same industrial zone. Both applications were scheduled to be heard at the Planning Commission's December 13, 1990 meeting. Because of an overcrowded agenda, however, the hearing on petitioner's application was postponed to the January 1991 meeting. In late December 1990, the Planning Commission made a determination that the Fane proposal posed no threat of potentially significant adverse impacts on the environment and thereafter issued a negative declaration for the Fane proposal.

Petitioner subsequently commenced this CPLR article 78 proceeding to challenge the Planning Commission's determination. Petitioner alleged, *inter alia,* that the determination was (1) unsupported by substantial evidence, (2) arbitrary and capricious by virtue of the prior determination reached in

Fane's application, and (3) unlawfully predicated on cumulative impact analysis. Supreme Court held that the Planning Commission's determination was not arbitrary or capricious and dismissed the petition.

At the outset, we find that the Planning Commission's determination was supported by substantial evidence and, viewed in isolation, was not arbitrary or capricious. In the context of a preliminary SEQRA determination, all that is required of the lead agency is that it identify the relevant areas of environmental concern, take a "hard look" at them and make a reasoned elaboration of the basis for its determination *(Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359; *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417; *H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222, 232). Our review of the record convinces us that the Planning Commission adequately satisfied this mandate. The Planning Commission's staff reports and positive declaration identified several areas of environmental concern. Specifically, the following potential significant impacts upon the environment arising out of petitioner's proposed plant were identified: (1) impacts on land due to construction in and modifications to a designated floodway, (2) impacts on air due to contribution to cumulative impacts from air emissions generated by existing and proposed establishments in the same industrial zone, and (3) impacts on transportation due to contribution to cumulative impacts generated by existing and proposed establishments in the same industrial zone. The record also demonstrates that the Planning Commission took a "hard look" at the identified areas of concern and the positive declaration contains a reasoned elaboration for the determination. Further, we note that the threshold for requiring the preparation of an EIS is relatively low *(see, Matter of Save the Pine Bush v Planning Bd.,* 96 AD2d 986, 987, *appeal dismissed* 61 NY2d 668, *lv denied* 61 NY2d 602).

The foregoing, however, is not dispositive of petitioner's objection that the Planning Commission's determination to issue a positive declaration on its application was arbitrary and capricious because of the disparate treatment given the Fane application. It has been held that "absent an explanation by the agency, an administrative agency decision which, on essentially the same facts as underlaid a prior agency determination, reaches a conclusion contrary to the prior determination is arbitrary and capricious" *(Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 518; *see also, supra,* at

520; *Matter of Caldas v 86 Alda Rest.*, 167 AD2d 594, 595; *Matter of Engel v Sobol*, 161 AD2d 873, 874). In the present case, although the two applications were not identical, it appears that with respect to the physical characteristics, locations and general environmental impacts of the two projects, the Fane proposal and petitioner's proposal are virtually indistinguishable: both applications call for hot-mix asphalt plants of approximately the same size,* in the same industrial zone, in the same floodway, requiring the same air permits from the Department of Environmental Conservation, using the same manufacturing process, and making roughly equal contributions to local noise and traffic concerns.

Respondents argue, however, that there are factual differences between the two applications such that the Planning Commission need not explain the departure from its prior negative declaration on the Fane application. These claimed differences are: (1) the Fane proposal was for a gas-fired plant and, at the time of the positive declaration, the Planning Commission believed that petitioner's proposal was for an oil-fired plant, (2) the Planning Commission became aware during the SEQRA review process that petitioner's proposed site was possibly on or near an inactive hazardous waste site, and (3) after the positive declaration, a large, 50-year-old blast furnace was unearthed in the area, indicating a possibility that there were further artifacts buried under petitioner's site.

These alleged differences, however, do not excuse the Planning Commission from the duty to explain the disparate treatment of the two applications. First, the Planning Commission's archeological concerns could not justify the departure from the Fane determination because these concerns did not appear until after the positive declaration on petitioner's application. Second, the Planning Commission's belief that petitioner's plant would be oil-fired does not warrant disparate treatment because Fane, in its application for a permit to construct, also indicated a possibility that its plant would be oil-fired. Finally, both the Fane site and petitioner's site are adjacent to the same possibly contaminated site, and the information which formed the foundation for the Planning Commission's belief that the site is possibly contaminated (an EIS of the South Troy Industrial Park) was available at the time of Fane's negative declaration.

Nor can the cumulative impact of the Fane plant and petitioner's plant obviate the need for the Planning Commis-

---

* In fact, the Fane proposal was for a slightly larger plant.

sion to explain why the two proposals were treated differently. Contrary to petitioner's objection on review, the Planning Commission did have the discretion to use cumulative impact analysis in reviewing petitioner's application *(see,* 6 NYCRR 617.15 [a]; *Friedman v Adirondack Park Agency,* 165 AD2d 33, 36, *lv denied* 78 NY2d 853; *see also, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 205-206). Again, however, the Planning Commission did not employ cumulative impact analysis with respect to the Fane application and did not offer any explanation for the deviation. Therefore, "because petitioner[ ] [has] shown [an] earlier determination[ ] of [respondents] reaching [a] contrary result[ ] on essentially the same facts" *(Knight v Amelkin,* 68 NY2d 975, 978), the matter should be remitted to the Planning Commission for an explanation of why the two applications were treated differently *(see, supra).* Additionally, we reject petitioner's contention that the Planning Commission's scoping document should be annulled because it directed petitioner to address environmental concerns in its draft EIS which were not identified in the Planning Commission's positive declaration.

Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Planning Commission of the City of Troy for further proceedings not inconsistent with this Court's decision.

