■ In the Matter of CARLSON ASSOCIATES et al., Appellants, v TOWN BOARD OF SMITHTOWN et al., Respondents. [615 NYS2d 407] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents dated August 1, 1991, which suspended review under the State Environmental Quality Review Act of the petitioners' application for a mining permit, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), dated June 3, 1992, as, upon reargument, adhered to the prior original determination, dated December 26, 1991, dismissing the proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioners operate a gravel and sand mining business in Kings Park, New York. In 1991, the petitioners submitted an application for a mining permit with the New York State Department of Environmental Conservation. Thereafter, the Town of Smithtown (hereinafter the Town) assumed lead agency status pursuant to the New York State Environmental Quality Review Act (hereinafter SEQRA) with respect to the

petitioners' application. The Town informed the petitioners that they were required to apply for certain town permits and approvals in connection with their application. The petitioners refused to submit the applications, and claimed that the information was not necessary for the Town to make a determination of environmental significance. The Town subsequently suspended review of the petitioners' application until the requested information was supplied. The petitioners then commenced the instant proceeding challenging the Town's determination as arbitrary and capricious.

The petitioners' contention that the Town had sufficient information to make a positive declaration is without merit. In the context of a preliminary SEQRA determination, the Town, as lead agency, must identify the relevant areas of environmental concern, take a "hard look" at them, and make a "reasoned elaboration" of the basis for its determination *(see, Akpan v Koch,* 75 NY2d 561, 570; *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417; *Matter of Callanan Indus. v Rourke,* 187 AD2d 781; *Matter of Greenpoint Renaissance Enter. Corp. v City of New York,* 137 AD2d 597). Moreover, a positive declaration must state that it has been prepared in accordance with ECL article 8 and contain "a brief description of the possible significant environmental effects that have been identified and the reasons supporting the determination. Agencies must maintain a file of the facts, written analyses and conclusions leading to their determinations" (6 NYCRR 617.10 [b]). Given the broad review powers of the Town as lead agency under SEQRA *(see, E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 373), it was not unreasonable to require the petitioners to supply the additional information. Accordingly, the proceeding was properly dismissed. Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.