In the Matter of THOMAS BARRON et al., Respondents, v TOWN OF ESOPUS, Appellant. [667 NYS2d 482] —Crew III, J. Appeal from an order of the Supreme Court (Bradley, J.), entered April 25, 1997 in Ulster County, which, in a proceeding pursuant to RPTL article 7, *inter alia*, granted petitioner's cross motion for leave to amend the amended petition.

Petitioners, taxpayers and owners of certain real property located in the Town of Esopus, Ulster County, commenced this proceeding pursuant to RPTL article 7 to challenge their assessments. Following service of a single amended notice of petition and petition, respondent served petitioners with a notice of nullity pursuant to CPLR 3022 and thereafter moved to dismiss the petition contending, *inter alia*, that the verification did not comply with the mandates of RPTL 706 (2). Petitioners thereafter cross-moved for leave to amend the amended petition to include the required authorizations. Supreme Court denied respondent's motion and granted petitioner's cross motion, and this appeal by respondent ensued.

We affirm. RPTL 706 (2) provides, in relevant part, that a petition challenging an assessment under RPTL article 7 "shall be duly verified by the petitioner, an officer thereof, or by an agent thereof who has been authorized in writing to verify and file such petition and whose authorization is made a part of such petition". Initially, we reject respondent's contention that the subject verification, which was made by petitioners' counsel, was defective. Although perhaps inartfully drafted, the verification adequately set forth the grounds of counsel's belief as to all matters not stated upon his knowledge and the reason why such verification was not made by petitioners (*see*, CPLR 3021). Moreover, even accepting that the subject verification indeed was defective, given the particular facts of this case, including the lack of prejudice to respondent, we do not deem the alleged defects to be fatal (*see generally*, *Matter of Rose v Smith*, 220 AD2d 922, 923; *Freedman v Rotterdam Ventures*, 137 AD2d 946, 947; *Matter of Garfinkle*, 119 AD2d 911, 912).

Next, although the petition here concededly did not contain the authorizations required by RPTL 706 (2), it must be remembered that a proceeding such as this is remedial in

nature and, to that end, a "taxpayer's right to have his [or her] assessment reviewed and the appropriate relief granted should not be defeated by a pleading technicality" (*Grant Co. v Srogi*, 52 NY2d 496, 513). In our view, the failure to provide and attach the required authorizations is not a jurisdictional defect but, rather, "is 'a matter of form that can be later amended to conform with the statutory mandate where no substantial prejudice has occurred from the irregularities therein' " (*Bergman v Horne*, 100 AD2d 526, 527, quoting Lee & Le Forestier, Review and Reduction of Real Property Assessments in New York § 3.06, at 118-119; *see, Matter of Extrom v Town of Skaneateles*, 112 AD2d 35). The prior decisions of this Court upon which respondent relies for the proposition that such a defect is jurisdictional in nature (*see, e.g., Matter of Watson Blvd. Apts. v Huffcut*, 23 AD2d 508; *Matter of Onteora Club v Board of Assessors*, 17 AD2d 1008, *affd* 13 NY2d 1170) are distinguishable in that each of the cited cases dealt with improper service, which is not an issue here. Respondent's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.