■ In the Matter of SYMS CORP., Respondent, v ASSESSOR OF TOWN OF CLARENCE et al., Appellants. [773 NYS2d 314]—

Appeal from an order of the Supreme Court, Erie County (Vincent E. Doyle, J.), entered December 10, 2002 in proceedings pursuant to RPTL article 7. The order denied respondents' motion to dismiss the petitions pursuant to RPTL 718 (2) (d).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the notes of issue are vacated, the motion is granted and the petitions are dismissed unless petitioner, within 60 days of service of a copy of the order of this Court with notice of entry, files notes of issue after compliance with 22 NYCRR 202.59 (b), in which event the order is modified by vacating the notes of issue filed April 3, 1997 and as modified the order is affirmed without costs.

Memorandum: Petitioner commenced the underlying proceedings seeking to reduce the tax assessments for the years 1993-1994, 1994-1995 and 1995-1996 on real property it owns and operates as a men's clothing store. Respondents contend that Supreme Court erred in denying their motion seeking to dismiss the petitions on the ground that petitioner failed to comply with 22 NYCRR 202.59 (b) before filing a note of issue for each petition. We reject respondents' contention that petitioner thereby effectively abandoned the proceedings and that dismissal pursuant to Real Property Tax Law § 718 (2) (d) is required. We conclude, however, that the court erred in failing to vacate the notes of issue based on petitioner's failure to comply with section 202.59 (b). In contending that the notes of issue were properly filed, petitioner relies on *Matter of Atlantic Ref. & Mktg. Corp. v Assessor of City of Ithaca* (246 AD2d 875, 876 [1998]), a case in which the Third Department concluded that, "[i]nasmuch as petitioner expressly represents, on the note of issue, that the subject properties were 'occupied by the owner', it was not required to . . . estimate the amount that would be 'reasonably allocable for rent.'" According to the record on appeal in *Atlantic Ref. & Mktg. Corp.*, however, the petitioner therein had in fact filed affirmed statements for each of two parcels showing zero rental income for four of five years and

setting forth the expenses for each parcel. Thus, we conclude that petitioner's reliance on that case is misplaced. Had petitioner herein filed statements like those filed in *Atlantic Ref. & Mktg. Corp.*, petitioner would be in compliance with 22 NYCRR 202.59 (b).

Pursuant to section 202.59 (b), "an owner-occupied business property shall be considered income-producing as determined by the amount reasonably allocable for rent, but the petitioner is not required to make an estimate of rental income." Although petitioner herein failed to comply with section 202.59 (b) before filing the notes of issue, we conclude that petitioner should be afforded a further opportunity to comply with that section. The " '[t]ax [l]aw relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer's right to have [its] assessment reviewed should not be defeated by a technicality' " (*Matter of Great E. Mall v Condon,* 36 NY2d 544, 548 [1975], quoting *People ex rel. New York City Omnibus Corp. v Miller,* 282 NY 5, 9 [1939]). We therefore reverse the order, vacate the notes of issue, grant respondents' motion and dismiss the petitions unless petitioner, within 60 days of service of a copy of the order of this Court with notice of entry, files notes of issue after compliance with section 202.59 (b), in which event the order is modified by vacating the notes of issue filed April 3, 1997. Present—Pine, J.P., Scudder, Gorski and Lawton, JJ.