■ In the Matter of EASTERN HOUSING ASSOCIATES, Appellant, v CITY ASSESSOR OF CITY OF WATERTOWN et al., Respondents. [784 NYS2d 783]—

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered May 19, 2003 in a proceeding pursuant to RPTL article 7. The order granted respondents' motion to strike the note of issue and denied petitioner's cross motion for an order deeming petitioner's income and expense statement served timely nunc pro tunc or, alternatively, granting a one-year extension to serve the note of issue.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the note of issue is reinstated, the cross motion is granted and the 1999 income and expense statement is deemed served timely nunc pro tunc.

Memorandum: Petitioners appeal from separate orders of Supreme Court that granted, in each proceeding, respondents' motion to strike the note of issue and denied the cross motion of the petitioner in that proceeding for an order deeming its 1999 income and expense statement to have been served timely nunc pro tunc or, in the alternative, granting that petitioner a one-year extension to serve a note of issue. We grant each cross motion and deem the income and expense statement served timely nunc pro tunc, and we deny respondents' motions to strike the notes of issue.

In April 1999, petitioners, who are both owned by United Realty Management Corp., commenced these separate proceedings pursuant to article 7 of the Real Property Tax Law to challenge the 1999 assessment of properties located in the City of Watertown. Three and a half years later, on November 27, 2002, petitioners served separate notes of issue and certificates of readiness that indicated that all discovery was complete and the proceedings were ready for trial. It is undisputed, however, that petitioners had failed to serve certified statements of income and expenses for the 1999 tax year regarding the properties as mandated by 22 NYCRR 202.59 (b) and (d) (1). On December 10, 2002, respondents moved in each proceeding for an order to strike the note of issue. On March 25, 2003, petitioners served the statements of income and expenses for the years 1999-2002 for both properties and, on April 4, 2003, petitioners opposed respondents' motion in each proceeding and cross-moved for an order either deeming the service of the statement of income and expenses to have been served timely nunc pro tunc or granting a one-year extension to serve the note of issue. The court granted respondents' motion and denied petitioner's cross motion in each proceeding, relying on *Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland* (302 AD2d 826 [2003], *lv denied* 100 NY2d 504 [2003]).

The Tax Law " 'relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer's right to have [its] assessment reviewed should not be defeated by a technicality' " (*Matter of Great E. Mall v Condon*, 36 NY2d 544, 548 [1975], quoting *People ex rel. New York City Omnibus Corp. v Miller*, 282 NY 5, 9 [1939]). On that basis we have recently held that, when a petitioner failed to comply with 22 NYCRR 202.59 (b) prior to filing a note of issue, the petitioner should be afforded a further opportunity to comply with that section (*see Matter of Syms Corp. v Assessor of Town of Clarence*, 5 AD3d 984, 985 [2004]). We similarly conclude that the failure to comply with 22 NYCRR 202.59 (b) prior to filing the notes of issue is not a fatal defect in these proceedings (*cf. Pyramid Crossgates Co.*, 302 AD2d at 828). We therefore reverse the order in each proceeding, deny respondents' motion, reinstate the note of issue, grant petitioner's cross motion and deem petitioner's 1999 income and expense statement served timely nunc pro tunc. Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.