■ In the Matter of ALICIA FANTAUZZI, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [979 NYS2d 55]—

Contrary to respondents Beach Lane Management, Inc. and 634 Nick Partner, LP's contention, the instant proceeding was timely commenced. Even assuming, in the absence of an indication in the record, that the order of the commissioner of SDHR was served on the parties on the same date as it was issued (June 14, 2011), the 60 days' time for commencing the proceeding would have expired on August 13, 2011, a Saturday, and would have been extended to the next business day, Monday, August 15, 2011 (*see* Executive Law § 298; General Construction Law § 25-a), the day on which petitioner filed the notice of petition and petition.

Petitioner's filing of an amended petition including a verification on August 16, 2011 does not render the proceeding untimely. We note that SDHR did not raise the statute of limitations as an affirmative defense in its answer, and, as indicated, the record does not show the date of service of its order. Hence, the precise date of the expiration of the limitations period cannot be determined. In any event, the proceeding was commenced upon the filing of the original petition; Executive Law § 298 does not require that an initiatory petition be verified; and, even in the context of an article 78 proceeding, the absence of a verification would not be fatal (*see* CPLR 304, 3022, 3026; *Matter of City of Rensselaer v Duncan*, 266 AD2d 657, 659 [3d Dept 1999]).

Substantial evidence supports SDHR's determination that Beach Lane Management and 634 Nick Partner's offer of a first-floor apartment in their apartment building during the three-week period when the building's lone elevator would be out of commission for repairs was a reasonable accommodation *to* petitioner's disability (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]). Although it was necessary to ascend two steps from the lobby to reach the hallway leading to the first-floor apartment, petitioner, who used a walker after surgery made it difficult for her to walk and bend

her knee, also had to ascend one step from the street to enter the building lobby, and she has never asserted that her disability prevented her from doing that. Moreover, petitioner rejected the proposed accommodation and elected to stay in her sixth-floor apartment, necessitating that she ascend and descend six flights of stairs.

Petitioner testified that she was told that only her bed would be brought down to the first-floor apartment. However, a property manager for Beach Lane Management testified that she told both petitioner and the building superintendent that whatever petitioner needed would be brought down for her. The administrative law judge credited the manager's account over petitioner's, and this finding is entitled to deference (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]).

Moreover, in view of the foregoing, we cannot conclude that SDHR's determination was irrational.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Renwick, Moskowitz and Richter, JJ.