| **Burlingame v Adams** |
| :---: |
| 2025 NY Slip Op 30026(U) |
| January 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157374/2022 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JUDY H. KIM**                        PART                04

*Justice*

-----------------------------------------------------------------------------X

RACHELE BURLINGAME,

                              Petitioner,

                      - v -

ERIC ADAMS, ASHWIN VASAN, THE CITY OF NEW YORK

                              Respondents.

-----------------------------------------------------------------------------X

INDEX NO.              157374/2022

MOTION DATE            03/05/2024

MOTION SEQ. NO.        001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24

were read on this motion for          ARTICLE 78 (BODY OR OFFICER)          .

Upon the foregoing documents, the petition is denied and dismissed.

The following factual recitation is adapted from the Petition and undisputed documentary submissions from both parties: Petitioner was serving as a police officer in the New York City Police Department on October 20, 2021, when, in response to the COVID-19 pandemic, the Commissioner of the New York City Department of Health and Mental Hygiene issued an order requiring all New York City employees to submit proof of vaccination against COVID-19 no later than November 1, 2021. On October 27, 2021, Petitioner applied for an exemption to this mandate based on her religious beliefs. Her application was denied on February 8, 2022, by a form checklist stating that the denial was based upon: (i) "insufficient or missing religious documentation"; (ii) "objection appears to be based on verifiable false information, misinformation, fear of unknown origin of vaccine or side effects"; (iii) "written statement does not set forth how religious tenets conflicts [sic] with vaccine requirement"; and (iv) "no demonstrated history of vaccination/medicine refusal" (NYSCEF Doc. No. 17). Petitioner's appeal of this denial was

157374/2022   BURLINGAME, RACHELE vs. ADAMS, ERIC ET AL
  Motion No.  001

Page 1 of 4

[* 1]

denied on July 7, 2022. Petitioner failed to include either of these denials with her petition, though she does not dispute the authenticity of the initial denial form submitted by respondents. She subsequently received an email, that since her application had been denied, she would be placed on leave without pay effective July 13, 2022, if she did not demonstrate the required proof of COVID-19 vaccination. To avoid the consequences of her failure to comply with the vaccine mandate, petitioner retired from the NYPD, effective July 12, 2022.

Petitioner filed the present petition on August 30, 2022, arguing that respondents' denial of her application for an exemption to the vaccine mandate was arbitrary and capricious under CPLR 7803(3), and violated Administrative Code §§8-107(3) and (28) and the Free Exercise Clause of the New York State Constitution. In her petition, she seeks, inter alia, a declaratory judgment that respondents' denial of petitioner's request for a religious exemption was arbitrary, capricious and an abuse of discretion and an order vacating same and enjoining respondents from enforcing the vaccine mandate. On March 5, 2024, nineteen months after filing her Petition, Petitioner filed the Notice of Petition, and served same upon respondents three days thereafter.

Respondents now cross-move to dismiss the Petition, arguing that: the petitioner's failure to verify same renders it a nullity; petitioner failed to submit any evidence that the denial of her application was arbitrary, capricious, or an abuse of discretion; petitioner's claims for declaratory relief are moot; and the Petition should be dismissed, as a matter of laches, due to petitioner's nineteen-month delay in filing the notice of petition.

## DISCUSSION

As a preliminary matter, the absence of a verification is not a jurisdictional defect rendering the petition a nullity where, as here, no prejudice inheres (See Matter of City of Rensselaer v Duncan, 266 AD2d 657, 659 [3d Dept 1999]). Neither is the Court persuaded by respondents'

157374/2022  BURLINGAME, RACHELE vs. ADAMS, ERIC ET AL
Motion No.  001

Page 2 of 4

2 of 4

laches argument, as respondents have not demonstrated that they were prejudiced by petitioner's delay in filing and serving the notice of petition. To the contrary, the law has clarified in respondents' favor in this period, as demonstrated, infra.[1]

However, to the extent the petition seeks declaratory relief as to the enforcement of the vaccine mandate, such relief is moot, "given that the requirement for City employees to be excluded from their workplaces if they failed to submit proof of compliance with the mandate has been repealed" (Vignali v City of New York, 222 AD3d 419, 419-20 [1st Dept 2023], lv to appeal denied, 42 NY3d 905 [2024]).

Ultimately, dismissal is warranted as respondents have established that the denial of petitioner's request for an accommodation was neither arbitrary nor capricious. It is well settled that the checklist denial form used by respondent sufficiently apprised respondent of the basis for the initial denial of her application (Marsteller v City of New York, 217 AD3d 543, 544 [1st Dept 2023]; see also Hogue v Bd. of Educ. of City School Dist. of City of New York, 220 AD3d 416 [1st Dept 2023], lv to appeal denied, 42 NY3d 905 [2024]). Moreover, petitioner's assertion that respondents' process for resolving requests for accommodations violated the New York City Human Rights Law has also been conclusively rejected (Marsteller v City of New York, 217 AD3d 543, 545 [1st Dept 2023]). Finally, petitioner's claim under the Free Exercise Clause of the New York State Constitution "is neither necessary nor appropriate because [petitioner] has alternative avenues of redress available" (Farah v City of New York, 83 Misc 3d 1252(A) [Sup Ct, Kings County 2024] [internal citations omitted]).

---

[1] Whether petitioner's delay in filing the notice of petition supports the dismissal of this action pursuant to CPLR 306-b was not raised in respondents' motion and therefore cannot be addressed here (See Vanyo v Buffalo Police Benevolent Assn., Inc., 34 NY3d 1104, 1105 [2019]).

**157374/2022  BURLINGAME, RACHELE vs. ADAMS, ERIC ET AL**                                **Page 3 of 4**
  **Motion No.  001**

Accordingly, it is

**ORDERED** and **ADJUDGED** that the Petition is denied and this proceeding dismissed; and it is further

**ORDERED** that counsel for respondent the City of New York shall, within ten days from the date of this decision, order, and judgment, serve a copy of this decision, order, and judgment, with notice of entry, on petitioner, as well as on the Clerk of the Court (60 Centre St., Room 141B) and the Clerk of the General Clerk's Office (60 Centre St., Room 119), who are directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision, order, and judgment of the Court.

_1/6/2025_
**DATE**

**HON. JUDY H. KIM, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157374/2022   BURLINGAME, RACHELE vs. ADAMS, ERIC ET AL**
**Motion No.  001**

**Page 4 of 4**

[* 4]